**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TRAVIS LAYNE,**

      **Plaintiff,**

      **v.**                        **CASE NO.  25-3069-JWL**

**STATE OF KANSAS, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Riley County Jail in Manhattan, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  On May 20, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until June 20, 2025, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 7), Motion for Service (Doc. 8), Proposed Order to Show Cause (Doc. 9), Affidavit (Doc. 10), and Memorandum of Law (Doc. 11).  The Court's screening standards are set forth in the MOSC.

Plaintiff's claims relate to his state criminal proceedings in the District Court of Riley County, Kansas.  *See State v. Layne*, Case No. RL-2022-CR-000179 (District Court of Riley County, Kansas).  The Court held in the MOSC that to the extent Plaintiff's claims relate to his pending state criminal proceedings in Riley County, Kansas, the Court would be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).

1

The Court's MOSC was entered on May 20, 2025.  At the time the Court entered the MOSC, online records showed that Plaintiff's criminal proceedings were ongoing.  *See State v. Layne*, Case No. RL-2022-CR-000179 (District Court of Riley County, Kansas).  The docket reflected that the case was currently "pending."  Online records now show that the case is "post disposition," and on May 27, 2025, the judge in Plaintiff's state criminal case entered an order titled "Disposition Journal Entry of Bench Trial."  *State v. Layne*, Case No. RL-2022-CR-000179, May 27, 2025 Disposition Journal Entry of Bench Trial (District Court of Riley County, Kansas).  The Order provides that:

> The parties, at the defendant's request, entered into a written stipulation that the defendant failed to comply with the provisions of the Kansas Offender Registration Act by failing to register in person upon any commencement, change or termination of any information provided for in the act within three business days of such commencement, change or termination.  The parties further stipulated that the defendant's failure began on or about January 26, 2021, and continued through July 30, 2021. Additionally, the parties stipulated that a person convicted of a crime which requires registration under the Kansas Offender Registration Act must register in any county in which the offender resides, maintains employment, or attends school; or any county in which they intend to reside, maintain employment, or attend school. The court inquires of the defendant regarding the written [sic] proposed written stipulation submitted by the defendant.  The court advises the defendant that he has a right to have these elements proven beyond a reasonable doubt by the State. The defendant acknowledged this right and affirmed his desire that the court accept the written stipulation of the parties. The court accepted the written stipulation and found that the defendant knowingly and voluntarily waived his right to have the elements included in the stipulation proven beyond a reasonable doubt by the State. . . .
>
> At the conclusion of the State's rebuttal argument the court took a recess to deliberate.  The court returned to the courtroom and announced the following verdicts:  Count One – Guilty; and Count Two – Guilty.

*Id*. at 2–3.  Sentencing is currently scheduled for July 7, 2025.  *Id*.

In his Memorandum of Law (Doc. 11) Plaintiff acknowledges that he was convicted at the bench trial in his state criminal case.  (Doc. 11, at 2.)  Plaintiff continues to argue that the District Court of Riley County, Kansas, did not have jurisdiction to prosecute him.  *Id*. at 4.   In his Declaration (Doc. 10), Plaintiff argues that while financial compensation may assist with his return to society, "[w]ithout the requested preliminary injunction and temporary restraining order these ongoing violations will continue to cause immediate and irreparable injury, loss, and damage to [his] mental and emotional health as well as [his] long-term ability to deal with everyday life." (Doc. 10, at 2.)  He claims that his sentence in his state court criminal case will be imposed without jurisdiction and therefore will be an illegal sentence.  *Id*.

Any challenge to the validity of his conviction and sentence in his state criminal case must be presented in habeas corpus.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*."  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v.*

*Lundy*, 455 U.S. 509, 518–19 (1982);  Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Plaintiff has been convicted and a judgment on the Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.  Plaintiff should show good cause why his claims should not be dismissed as barred by *Heck*.

Plaintiff has filed a Motion for Appointment of Counsel, arguing that:  he is unable to afford counsel; his imprisonment and lack of formal training will greatly limit his ability to litigate; the issues are complex and will require significant research and investigation; he has limited access to a law library; and a trial would likely involve conflicting testimony and counsel would be better able to present evidence and cross-examine witnesses.  (Doc. 7, at 1.)

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543,

547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

Plaintiff has also filed a proposed summons (Doc. 8), and a proposed order setting this matter for a show cause hearing for a preliminary injunction and temporary restraining order (Doc. 9). This matter is subject to dismissal and therefore any request for the Court to serve summonses or schedule a show cause hearing is denied.

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Failure to respond by the Court's deadline may result in dismissal of this case without further notice.

5

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 7) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that to the extent Plaintiff seeks to have the Court serve summons or set a show cause hearing, those requests (Docs. 8, 9) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 11, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated June 23, 2025, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**