IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRAVIS LAYNE,

    Plaintiff,

    v.                                    CASE NO. 25-3069-JWL

STATE OF KANSAS, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Riley County Jail in Manhattan, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On June 23, 2025, the Court entered a Memorandum and Order (Doc. 12) ("M&O") granting Plaintiff until July 11, 2025, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the M&O. The M&O provides that "[f]ailure to respond by the Court's deadline may result in dismissal of this case without further notice." (Doc. 12, at 5.) Plaintiff has failed to respond by the Court's deadline.

The Court found in the M&O that Plaintiff's claims relate to his state criminal proceedings in the District Court of Riley County, Kansas. *See State v. Layne*, Case No. RL-2022-CR-000179 (District Court of Riley County, Kansas). The Court noted that online records show that the case is "post disposition," and on May 27, 2025, the judge in Plaintiff's state criminal case entered an order titled "Disposition Journal Entry of Bench Trial." *State v. Layne*, Case No. RL-2022-CR-000179, May 27, 2025 Disposition Journal Entry of Bench Trial (District Court of Riley County, Kansas). The order provides that "[a]t the conclusion of the State's rebuttal argument the court took a recess to deliberate. The court returned to the courtroom and announced the following verdicts: Count One – Guilty; and Count Two – Guilty." *Id.* at 2–3.

1

In his Memorandum of Law (Doc. 11) Plaintiff acknowledges that he was convicted at the bench trial in his state criminal case. (Doc. 11, at 2.) Plaintiff continues to argue that the District Court of Riley County, Kansas, did not have jurisdiction to prosecute him. *Id*. at 4. The Court found in the M&O that any challenge to the validity of his conviction and sentence in his state criminal case must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477. Plaintiff has been convicted, and if a judgment on the Plaintiff's claim in this case would necessarily imply

the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not shown that his conviction or sentence has been overturned.

The Court ordered Plaintiff to show good cause why his claims should not be dismissed as barred by *Heck*. Plaintiff has failed to respond by the deadline in the M&O and has failed to show good cause why his claims should not be dismissed as barred by *Heck*.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.[1]

**IT IS SO ORDERED**.

**Dated July 18, 2025, in Kansas City, Kansas.**

> S/ John W. Lungstrum
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

---

[1] A dismissal based on *Heck* is for failure to state a claim. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011).